## ESQUE WADE v. THE STATE.

No. 13147. Delivered March 19, 1930.
Reported in 27 S. W. (2d) 542.

The opinion states the case.

*Hal B. Stoneham*, of Navasota, for appellant.

*A. A. Dawson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Attention is called by the State's Attorney with this court to the fact that the recognizance in this case is fatally defective. The only recognizance found in this record is one which appears as of the same date as the overruling of appellant's motion for new trial, but said recognizance is in form only as an appearance bond, and is not at all in conformity with the statutory requirements for a recognizance upon appeal after conviction. It is possible that the clerk of the trial court in the preparation of this transcript copied the

wrong recognizance, and it is also possible that the recognizance for appeal was made in the wrong form. There being no sufficient recognizance, the appeal will be dismissed, but the appellant will be given fifteen days from the date of this dismissal within which to prepare and file with the clerk of this court a sufficient recognizance.

The appeal is dismissed.

*Dismissed.*

## ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant moves to reinstate his appeal, accompanying the motion by certified copy of the recognizance for appeal which was entered into by appellant originally, but which was omitted from the transcript as same was before us at the time of the dismissal of the appeal herein. The record having been corrected, the judgment of dismissal is set aside, and the case considered upon its merits.

We find in the record no bills of exception. The statement of facts is short. The State proved by two witnesses appellant's possession of a jug of whisky containing more than a quart, which he had in his car at the time the officers appeared. When the officers stopped, appellant seized a car spring and broke the jug. The officers went to his car and secured a part of the contents of the jug which was produced, identified and shown to be whisky. The only testimony offered by the defense was that of appellant's father, who testified to the age of his son in an effort to secure a suspended sentence. The jury declined to suspend the sentence. The evidence is sufficient.

The judgment will be affirmed.

*Affirmed.*